*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KHALIL KWALI-AL WILLIAMS,

      Defendant-Appellant.

UNPUBLISHED
May 11, 2023

No. 360151
Ionia Circuit Court
LC No. 2020-018187-FC

Before: MARKEY, P.J., and MURRAY and FEENEY, JJ.

PER CURIAM.

Defendant-appellant, Khalil Kwali-Al Williams, appeals as of right his sentence following his jury trial conviction of possession of a weapon by a prisoner, MCL 800.283(4). The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 40 months to 15 years' imprisonment, which is to run consecutively to the sentence that defendant was serving at the time of the offense. On appeal, defendant's sole argument is that he is entitled to resentencing because his waiver of in-person sentencing was ineffective as it was made on the basis of incorrect information. But, even if defendant's waiver was made in error, he has not established that the error affected his substantial rights. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of a physical altercation that occurred at the Michigan Reformatory in Ionia, Michigan. While the prisoners were being released from their cells to eat breakfast, defendant attacked another prisoner with a prison-made weapon, which consisted of a sharpened piece of metal with cloth, such as a towel, for a handle. The prisoner suffered puncture wounds to his face, arm, and back.

A jury found defendant guilty. At sentencing, defendant appeared via Zoom because a COVID-19 outbreak at the prison prevented his transport to the courthouse. The trial court asked defense counsel whether defendant agreed to attending sentencing via Zoom. Defense counsel explained that, although defendant preferred to attend in person, he agreed to participate remotely. The trial court asked defendant directly whether he wanted to adjourn so that he could appear in

person. The court warned that rescheduling would take time and that defendant would not receive "any type of credit" until he was sentenced. Defendant stated that his sentencing could proceed.

After sentencing, defendant moved for resentencing, arguing that the waiver of his right to attend in person was invalid because his decision was made on the basis of inaccurate information. Specifically, defendant asserted that he was under the impression that he would not receive any credit toward the sentence that he was already serving or his new sentence until he was sentenced for the new conviction; at sentencing, however, defendant received no credit against either his existing or new consecutive sentence. After holding the hearing for resentencing, the trial court denied the motion.

This appeal followed.

## II. ANALYSIS

### A. PRESERVATION AND STANDARD OF REVIEW

This case involves a constitutional sentencing issue, not a claim concerning guideline scoring or information considered at sentencing. See *People v Anderson*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 354860 rel'd 3/31/2022); slip op at 5 (stating that a criminal defendant has a constitutional right to be present during sentencing). To properly preserve a constitutional sentencing claim, a defendant must object at sentencing. See *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015) (explaining that because the defendant did not object to the scoring of the offense variables on constitutional grounds at sentencing, review was for plain error affecting substantial rights). As a result, because defendant waived his right to be present at the sentencing hearing, and then moved for resentencing on the basis that his waiver was invalid, his claim that he was denied his constitutional right to be present at sentencing is unpreserved.

Unpreserved constitutional claims are reviewed for plain error affecting substantial rights. *Anderson*, ___ Mich App at ___; slip op at 4. "Under the plain-error rule, defendant bears the burden to prove: 1) an error occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings." *Id*. If defendant satisfies those three requirements, we must determine whether the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. *Id*.

### B. WAIVER OF PHYSICAL PRESENCE DURING SENTENCING

"A criminal defendant has a constitutional right to be present at any stage of a trial during which substantial rights might be adversely affected, including during sentencing." *Id*. at ___; slip op at 5. MCR 6.006 is the Michigan Court Rule that concerns video and audio proceedings in criminal cases. At the time that defendant was sentenced,[1] MCR 6.006(A), as amended May 22,

---

[1] Defendant was sentenced on January 4, 2022. MCR 6.006 was extensively amended on August 10, 2022, and those amendments became effective on September 9, 2022 (510 Mich xxxiv - xxxviii).

2019, 503 Mich cclxxxiii (2019), detailed the use of interactive video technology in a situation in which the defendant is located in another location:

> District and circuit courts may use two-way interactive video technology to conduct the following proceedings between a courtroom and a prison, jail, or other location: initial arraignments on the warrant or complaint, probable cause conferences, arraignments on the information, pretrial conferences, pleas, *sentencings for misdemeanor offenses*, show cause hearings, waivers and adjournments of extradition, referrals for forensic determination of competency, waivers adjournments of preliminary examinations, and hearings on postjudgment motions to amend restitution. [Emphasis added.]

On the other hand, according to MCR 6.006(E), as amended July 26, 2021, 507 Mich xcv-xcvi (2021),

> Notwithstanding any other provision in this rule, until further order of the Court, AO No. 2012-7 is suspended and trial courts are required to use remote participation technology (videoconferencing under MCR 2.407 or telephone conferencing under MCR 2.406) to the greatest extent possible. Any such proceedings shall comply with the requirements set forth in MCR 2.407(G).

In pertinent part, MCR 2.407(G)(3) requires the court to "[e]nsure that any such proceedings are consistent with a party's Constitutional rights . . . ."

Possession of a weapon by a prisoner is a felony. MCL 777.17g. In *People v Heller*, 316 Mich App 314, 318; 891 NW2d 541 (2016), this Court held that criminal defendants have a constitutional right to personally appear at their felony sentencing hearings and that a virtual appearance was an inadequate substitute. Addressing the purposes of sentencing, this Court explained:

> The imposition of punishment in a criminal case affects the most fundamental human rights: life and liberty. Our court rules and common law invest sentencing with profound significance, for this grave moment in the criminal process often seals a defendant's fate or dictates the contours of his or her future. Individualized sentencing furthers the goal of rehabilitation by respecting the inherent dignity of each person the law deprives of freedom, civil rights, or property. A defendant's right to allocute before sentence is passed—to look a judge in the eye in a public courtroom while making his or her plea—stems from our legal tradition's centuries-old recognition of a defendant's personhood, even at the moment he or she is condemned to prison. Sentencing is an intensely human process—after all, we are dealing not with machines and equipment, but with human lives. [*Id*. at 318-319 (quotation marks and citations omitted).]

This Court concluded that video sentencing presented the following problems:

> Sentencing by video dehumanizes the defendant who participates from a jail location, unable to privately communicate with his or her counsel and likely unable to visualize all the participants in the courtroom. Moreover, a courtroom is more

than a location with seats for a judge, jury, witnesses, defendant, prosecutor, defense counsel and public observers[.] The courtroom setting provides a dignity essential to the process of criminal adjudication. Isolating a defendant from that setting during what may be the most decisive moment of his or her life clashes with the judge's duty to acknowledge the humanity of even a convicted felon. [*Id*. at 319 (quotation marks and citations omitted; alteration in original).]

In this case, defendant was sentenced via Zoom because a COVID-19 outbreak at the prison prevented his transfer to the courthouse. This case is unique from other similar cases because defendant agreed to be sentenced via Zoom. Compare with *Anderson*, ___ Mich App at ___; slip at 4 (stating that the defendant failed to object to appearing for sentencing via Zoom). After sentencing and on appeal, defendant asserts that his waiver of his right to appear in person was invalid because it was made on the basis of incorrect information. We believe that this assertion is without merit.

Defendant argues that he agreed to the remote sentencing because adjourning the hearing would take time and he was under the impression, based upon the court's statement regarding "any type of credit," that he would not receive any credit toward the sentence he was already serving or his new sentence. But, defense counsel communicated defendant's agreement to sentencing via Zoom before the trial court made any mention about credit. Defense counsel stated that defendant agreed to be sentenced via Zoom although he preferred to be there in person. The trial court then offered to adjourn the hearing, but it warned that adjournment would delay sentencing and that defendant would not receive any type of credit until he was sentenced. The court again asked defendant whether he agreed to be sentenced via Zoom, and defendant responded that the sentencing could proceed. At the hearing concerning the motion for resentencing, the trial court appreciated the argument that its statement involving credit was unclear, but it stated that the court was referring to the case in which defendant was being sentenced. The court expressed its belief that defendant understood and agreed to proceed via Zoom. As a result, the record does not support defendant's assertion that he made the decision to proceed on the basis of an alleged misunderstanding concerning credit.

In any event, even if defendant's waiver was invalid, he has failed to establish that any error affected the outcome of the proceedings. See *id*. at ____; slip at 6. Indeed, defendant does not explain how conducting the proceeding via Zoom negatively impacted his sentence. For example, he does not identify any further evidence or argument that he would have presented had he appeared in person. He also does not challenge the accuracy or validity of his sentence. See *id*. at ____; slip at 7.

Moreover, defendant does not claim that any other anomalies occurred at his sentencing. Defense counsel identified corrections to the presentence investigation report (PSIR) and presented argument on defendant's behalf. Defendant made a statement, and the trial court asked him questions. The court praised defendant for making changes and explained its reasons for the sentence that it imposed, which was within the guidelines and five months less than the PSIR recommendation of three years and nine months (45 months). As a result, there is no indication that defendant's sentence would have been different if he were present in person. Accordingly,

defendant has failed to establish that any error in his waiver affected his substantial rights.  See *id*. at \_\_\_; slip op at 8.

 Affirmed.

         /s/ Jane E. Markey
         /s/ Christopher M. Murray
         /s/ Kathleen A. Feeney